ORIGINAL

# In the United States Court of Federal Claims

No. 15-517C
(Filed: June 15, 2015)

**NOT FOR PUBLICATION**

FILED
JUN 15 2015
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| RANDY RINDAHL, ) | |
| ) | Pro Se Prisoner; Sua Sponte |
| Plaintiff, ) | Dismissal under 28 U.S.C. |
| ) | § 1915(g) |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Randy Rindahl, Sioux Falls, S.D., pro se.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

On May 19, 2015, plaintiff, Randy Rindahl, filed a complaint in which he claims that the United States Social Security Administration denied his application for Supplemental Security Income (SSI) benefits. Compl. 2, ECF No. 1. Mr. Rindahl is incarcerated in the state penitentiary in Sioux Falls, South Dakota. He brings his claim without counsel.

To date, Mr. Rindahl has neither paid the court's filing fee nor filed an application to proceed in forma pauperis (IFP application).[1] As Mr. Rindahl is a prisoner who has not paid the court's filing fee, the court is obligated to determine whether he is entitled to proceed in forma pauperis. See 28 U.S.C. § 1915(g) (2012). A prisoner who brings suit in a federal court is subject to a limitation on proceeding in forma pauperis—commonly known as the "three strikes rule."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

---

[1] On May 19, 2015, the Clerk's Office sent Mr. Rindahl an application to proceed in forma pauperis.

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner is defined as "any person incarcerated . . . in any facility who is . . . convicted of, sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).

The court's review of decisions issued in prior federal lawsuits filed by Mr. Rindahl readily shows that he has a lengthy history with at least the U.S. District Court for the District of South Dakota. The South Dakota district court has dismissed at least five complaints filed by Mr. Rindahl, while incarcerated, as either frivolous or for failure to state a claim upon which relief may be granted.[2] See Order 2, 7, Rindahl v. Reisch, No. 10-4004 (D.S.D. June 17, 2010), ECF No. 84 (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), appeal dismissed, No. 10-2464 (8th Cir. July 21, 2010); Rindahl v. Weber, No. 08-4041, 2008 WL 2812103, at *1 (D.S.D. July 21, 2008) (dismissing complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted); Mem. Op. & Order 1-2, Rindahl v. Class, No. 96-4117 (D.S.D. May 22, 1996), ECF No. 5 (dismissing complaint under earlier version of 28 U.S.C. § 1915(d) that stated the court "may dismiss the case . . . if satisfied that the action is frivolous or malicious"); Mem. Op. & Order 1, Rindahl v. Class, No. 96-4116 (D.S.D. May 22, 1996), ECF No. 6 (dismissing complaint under earlier version 28 U.S.C. § 1915(d) as frivolous); Mem. Op. & Order 1, Rindahl v. Class, No. 95-4207 (D.S.D. Sept. 29, 1995), ECF No. 5 (dismissing complaint under earlier version of 28 U.S.C. § 1915(d) as frivolous).

It is clear that Mr. Rindahl has had more than three complaints dismissed on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. Mr. Rindahl filed each complaint while incarcerated, thus each dismissal counts as a strike under 28 U.S.C. § 1915(g). Mr. Rindahl's allegations in his complaint filed in this court, that he was denied SSI benefits, fail to show that he is "under imminent danger of serious physical injury," thus he may not bring his complaint in forma pauperis. 28 U.S.C. § 1915(g).

Unless granted leave to proceed in forma pauperis, a plaintiff filing a complaint in this court is required to pay the filing fee, in advance. See 28 U.S.C. § 1926(b) (2012) ("The [Court of Federal Claims] may require advance payment of fees by rule."); Rule 77.1(c)(3) of the Rules of the United States Court of Federal Claims ("Fees for services

---

[2] The court is grateful for the thorough history of Mr. Rindahl's prior federal lawsuits prepared by the U.S. District Court for the District of South Dakota. See Rindahl v. Pristen, No. 13-4078, 2013 WL 5770540 (D.S.D. Oct. 24, 2013).

rendered by the clerk must be paid in advance . . . ."). Mr. Rindahl did not pay the requisite filing fee, nor may he proceed in forma pauperis. Accordingly, Mr. Rindahl has not satisfied the requirements for maintaining a complaint in this court. See, e.g., Perry v. United States, 558 F. App'x 1010, 1010-11 (Fed. Cir. 2014) (per curiam) (dismissing appeal under 28 U.S.C. § 1915(g) for failure to pay the proper filing fee).

Accordingly, plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment for defendant. No costs.

Plaintiff may refile his complaint, together with payment of the court's $400.00 filing fee. The fee may be paid by check or money order payable to the "Clerk, U.S. Court of Federal Claims."

The court observes that Mr. Rindahl is subject to a Rule 11 sanctions order. See Rindahl v. Daugaard, No. 11-4082, 2011 WL 4549151, at *3-6 (D.S.D. Sept. 29, 2011). Because Mr. Rindahl filed forged or fraudulent documents in support of his complaint in the Daugaard case, the South Dakota district court sanctioned him by dismissing his complaint with prejudice and ordering him to "attach a copy of the [magistrate judge's] Report and Recommendation and a copy of this opinion to any future complaint or initial filing in any state or federal court within the United States." Id. at *6. Mr. Rindahl failed to attach either the magistrate judge's Report and Recommendation or the district judge's opinion to his complaint filed in this court. Thus, he has violated the terms of the Rule 11 sanctions order.

As Mr. Rindahl has accumulated more than three strikes under 28 U.S.C. § 1915(g), and has failed to comply with the Rule 11 sanctions order issued by the U.S. District Court for the District of South Dakota, the court directs that the Clerk of Court shall not file any future complaint from this plaintiff without either (1) payment of the filing fee, or (2) written permission by a judge of this court.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge